IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David Aguilar, | Case No. 3:07 CV 3727 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

Plaintiff David Aguilar filed a Complaint (Doc. No. 2) against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny disability insurance benefits (DIB) and supplemental security income benefits (SSI) pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This case was referred to United States Magistrate Judge David Perelman for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). Following briefs on the merits from both parties, the Magistrate filed a Report (Doc. No. 23) recommending the Court remand Plaintiff's claim for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)[1] to elucidate the extent to which Plaintiff is incapable of even sedentary work and to determine the timing of Plaintiff's disability onset for claim duration requirements, if applicable.

---

[1] Sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

This matter is before the Court on Defendant's Objection to the Report and Recommendation (Doc. No. 24), to which Plaintiff has responded (Doc. No. 25). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) and (C), this Court has made a *de novo* determination of the Magistrate's findings. The Court adopts the procedural and factual background set forth in the Report and Recommendation (pp. 2-4). The Court further adopts the Magistrate's conclusion to reverse the Commissioner's decision and remand Plaintiff's claim for further proceedings.

## BACKGROUND

Plaintiff filed an application for DIB and SSI on January 5, 2004, alleging disability since November 1, 2002. His disabilities included chronic lower back pain radiating into his right leg, numbness, and an inability to lift over twenty pounds for long periods of time. After reviewing the medical evidence in the Record, the Administrative Law Judge (ALJ) determined Plaintiff was not disabled from the date of claimed onset through the date of decision (June 25, 2007) and denied both DIB and SSI benefits.

The Magistrate reviewed the Record and found the ALJ's findings were not supported by substantial evidence. Defendant objects, arguing the ALJ was within his "zone of choice" under *Buxon v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) to find Plaintiff was not disabled, notwithstanding other evidence that might have indicated a contrary result. According to Defendant, the ALJ reasonably relied on the medical opinions of Dr. Padamadan, an examining physician, as well as the opinions of Dr. Rath and Dr. Hinzman, state agency reviewing physicians, and the ALJ gave "good reasons" for rejecting opinion testimony from Dr. Ware, Plaintiff's primary care physician (Doc. No.

24, p. 6). In short, Defendant argues the ALJ findings were supported by substantial evidence and requests affirmation of the ALJ's disability denial decision.

## STANDARD OF REVIEW

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (*citing* 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the Court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## STANDARD FOR DISABILITY

Eligibility for DIB and SSI is predicated on the existence of a disability. 42 U.S.C. § 423(a), (d). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (definition used in DIB context); *see also* 20 C.F.R. § 416.905(a) (definition used in SSI context).

The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical for purposes of this case, and are found at 20 C.F.R. §§ 404.1520 and 416.920, respectively:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5. Can claimant do any other work considering his residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*; *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("[T]he Secretary bears the burden of proof at step five, which determines whether the claimant is able to perform work available in the national economy. But the Secretary is required to bear this burden only if the sequential evaluation process proceeds to the fifth step."). The Court considers claimant's residual functional capacity, age, education, and past work experience to determine if claimant could perform other work. *Walters*, 127 F.3d at 529.

Only if a claimant satisfies each element of the analysis, including the inability to do other work, and meets the duration requirement, is he determined to be disabled. 20 C.F.R. § 404.1520(b)-(f); *see also Walters*, 127 F.3d at 529. The duration requirements differ for DIB and SSI claims. DIB

requires "fully insured" status, which focuses on the period of time the claimant has worked while covered by Social Security. SSI focuses on income and resources as basic eligibility factors.

## DISCUSSION

In his Objection to the Magistrate's Report and Recommendation, Defendant argues the ALJ's finding that Plaintiff is not disabled was supported by substantial evidence. Specifically, Defendant argues: (1) the Magistrate was incorrect to fault the ALJ's finding regarding Plaintiff's credibility (namely, finding Plaintiff credible yet believing certain limitations "seemed exaggerated compared to the medical evidence of his condition during most of the period at issue in this case"); (2) the ALJ gave "good reasons" for rejecting the opinions of Dr. Ware, Plaintiff's primary care physician, including a lack of "objective medical findings such as muscle weakness or gait abnormality in his treatment notes;" (3) the ALJ reasonably relied on the findings of other physicians, including examining physician Dr. Padamadan and state agency reviewing physicians Dr. Rath and Dr. Hinzman; and (4) the Magistrate's concern about the ALJ's failure to consider different standards of eligibility for the DIB and SSI claims lacks merit. Each objection is addressed below.

First, the Magistrate properly highlighted the ALJ's finding regarding Plaintiff's credibility. Defendant states the ALJ "believed [] Plaintiff's statements about his activities and functioning, and that his impairments prevented him from performing his past heavy exertion work, but he did not believe that his impairments limited his functioning to the extent that he was completely disabled from performing the minimal demands of a limited range of sedentary work" (Doc. No. 24, p. 4). The Magistrate correctly noted the facial inconsistency in the ALJ's statement endorsing the reliability and consistency of Plaintiff's description of his activities and functioning, yet simultaneously finding these

5

descriptions "exaggerated compared to the medical evidence of his condition during most of the period at issue in this case" (Doc. No. 16, p. 20).

Second, the Court believes the ALJ did not properly consider other medical evidence presented in support of Plaintiff's claim. Defendant argues the ALJ gave "good reasons" for rejecting the opinions of Dr. Ware, Plaintiff's primary care physician (Doc. No. 24, p. 6).[2] In the Report and Recommendation, the Magistrate dealt extensively with the issue of whether the ALJ gave appropriate weight to Dr. Ware's opinion regarding Plaintiff's level of disability. As the Magistrate noted, "[A] treating physician is uniquely qualified to offer insights into his/her patient's condition," and "the more important factor as regards the weight to be accorded the opinion of a treating physician is the nature and extent of the physician/patient relationship, and not whether the physician is a generalist or a specialist" (Doc. No. 23, pp. 8-9). Furthermore, the Sixth Circuit has held that "substantial deference . . . must be given to [a treating physician's] opinions and diagnoses." *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Dr. Ware is Plaintiff's primary physician and has treated Plaintiff for his relevant symptoms since November 2001, the alleged date of disability onset. The ALJ inappropriately rejected Dr. Ware's medical opinions primarily because Dr. Ware was not an orthopedic specialist, "tak[ing] him from his assigned role of finder of the facts into the realm of 'playing doctor[,]' substituting his judgment as to the significance of the objective medical evidence for that of the treating physician" (Doc. No. 23, p. 10). As the Magistrate again correctly noted, the Sixth Circuit does not require a treating physician to be a specialist in order that his opinion carry

---

[2] Social Security regulation 20 C.F.R. §404.1527(2) states: "We [ALJs] will always give **good reasons** in our notice of determination or decision for the weight we give your treating source's opinion" (emphasis added).

substantial weight (Doc. No. 23, p. 7). Thus, the ALJ did not provide "good reasons" for rejecting Dr. Ware's opinion regarding Plaintiff's level of disability.

Third, Defendant argues the ALJ "reasonably relied" on the medical opinions of other physicians in determining Plaintiff's level of disability (Doc. No. 24, p. 4). However, given the ALJ's decision to give treating physician Dr. Ware's opinion "not [] great weight" (Doc. No. 16, p. 25), his reliance on the opinions of Drs. Padamadan, Rath and Hinzman to form the basis of his decision regarding Plaintiff's disability was not reasonable. Dr. Padamadan performed an evaluation of Plaintiff's pulmonary function, which does not directly speak to the musculoskeletal complaints that form the primary basis for Plaintiff's claim. Furthermore, though the state agency physicians' (Dr. Rath and Dr. Hinzman) joint evaluation gave an opinion as to the extent of Plaintiff's limitations, the ALJ noted "the claimant has more limitations with standing and walking than outlined by the State agency physicians based on his back and leg pain aggravated by his obesity" (Doc. No. 16, p. 24). If the ALJ believed the state agency physicians' opinion did not accurately reflect the extent of Plaintiff's disability, he could not reasonably form an assessment of Plaintiff's disability level by relying on it, particularly insofar as it contradicts the opinion presented by Plaintiff's treating physician. Finally, none of the physicians upon whose opinions the ALJ relied were orthopedic specialists. Thus, the ALJ's rationale for rejecting Dr. Ware's opinion (as lacking orthopedic expertise) is even less reasonable given that none of the opinions upon which he relied were from orthopedic experts.

Thus, as the Magistrate found, the ALJ's decision is not supported by "substantial evidence" in the Record, warranting a reversal. Also, because the medical evidence in the Record is ambiguous as to whether Plaintiff is incapable of even sedentary work and therefore disabled under Social

Security guidelines, additional testimony from a medical expert tasked with this specific inquiry would provide a more accurate basis for making a determination regarding Plaintiff's capacity for other work at Step Five of the sequential analysis. This inquiry would also address concerns that both the ALJ and Defendant have with Dr. Ware's medical opinions as a family physician -- though, as the Magistrate noted, a treating physician need not be a specialist in order for his opinion to carry substantial weight (Doc. No. 23, p. 7).

Finally, this medical expert should be asked whether Plaintiff qualifies for DIB, SSI, or neither. Defendant notes the ALJ "clearly stated twice in his decision that he considered all the evidence in Plaintiff's claim, and made his decision that Plaintiff was not disabled 'through the date of this decision,' which was June 25, 2007" (Doc. No. 24, p. 3). However, as explained above, the ALJ failed to give appropriate weight to the opinions of Plaintiff's treating physician, Dr. Ware, nor did the ALJ consult a medical expert regarding the extent of Plaintiff's musculoskeletal problems. Had he done so, he may have determined Plaintiff had a disability, at which point the timing of Plaintiff's disability becomes important. Plaintiff has a narrow window of eligibility for DIB benefits (November 1, 2002 through December 31, 2002), but he remains eligible for an award of SSI if he is found to be disabled at any time as of or after his application date of January 5, 2004 (Doc. No. 23, p. 4). On remand, if an examining medical expert determines Plaintiff has a disability, the expert should be specific as to the onset of the disability so as to afford Plaintiff the appropriate benefits.

## CONCLUSION

For the foregoing reasons, the conclusion of the Magistrate's Report and Recommendation (Doc. No. 23) is adopted. The Court remands this case to the Commissioner for further proceedings, including a reevaluation of Plaintiff's claim with the support of treating physician Dr. Ware's findings

as well as testimony from an orthopedic expert. The expert should be asked not only for a residual functional capacity evaluation, but also for an explanation of the symptoms and medical findings supporting the evaluation. Additionally, the expert should review Plaintiff's medical history and indicate the timing of the onset of symptoms, which will aid in determining whether Plaintiff qualifies for DIB, SSI, or neither, given the duration requirements for those claims.

    IT IS SO ORDERED.

                                                                                  s/ *Jack Zouhary*
                                                                         JACK ZOUHARY
                                                                         U. S. DISTRICT JUDGE

                                                                         October 30, 2008